## JOHN BOYLE vs. JOHN McWILLIAMS.

Third Judicial District, Bridgeport, April Term, 1897.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

If certain facts alleged and adjudged insufficient on demurrer are admissi-
ble under the pleadings on which the case is tried and, for aught that
appears, were actually admitted in evidence, the action of the court in
sustaining the demurrer, even if erroneous, must be regarded as harm-
less.

Admissions and denials in pleadings must be specific. A reply which ad-
mits so much of a certain paragraph of the answer or defense "as is
consistent with the complaint" and denies the rest, does not comply
with this rule and is open to demurrer on that ground.

The question whether the injury complained of was caused by the negli-
gence of the defendant, as alleged, or was due to unavoidable accident,
is ordinarily to be determined by the trier as one of fact. Upon a
review of the facts in the present case it was *held* that this rule was
applicable; but if otherwise, that the conclusion of the trial court,
viewed as one of law, was correct.

A new trial will not be granted if the erroneous rulings complained of
worked no harm to the defeated party.

[Argued April 20th—decided May 25th, 1897.]

ACTION to recover damages for negligence in causing the
death of a mule, brought to the Court of Common Pleas in
New Haven County and tried to the court, *Studley, J.;*
facts found and judgment rendered for the plaintiff, and ap-
peal by the defendant for alleged errors in the rulings of the
court.    The rulings on demurrer were made by *Hotchkiss, J.
No error.*

The case is sufficiently stated in the opinion.

*James P. Pigott* and *Daniel A. McWilliams,* for the appel-
lant (defendant).

*Prentice W. Chase,* for the appellee (plaintiff).

TORRANCE, J.  This is an action to recover damages for
killing a mule.  In substance the complaint alleges that the

death of the mule was caused by the negligence of the defendant in driving the shaft of his wagon into the breast of the mule. The defendant filed an answer consisting of two defenses; the first being, in effect, a general denial, and the second setting up in four paragraphs certain matters, the substance of which may be stated as follows: (1) The defendant, at the time of the accident to the mule, was driving a horse which had been his property for nearly two months. (2) He had purchased said horse relying upon the representations of the seller that it was "sound and true." (3) Prior to the time of the accident the defendant had frequently driven said horse along the highway where the accident happened, and elsewhere through the streets of New Haven, "without any attempt on the part of said horse to run away, shy, or otherwise act in a manner different from that of an ordinarily gentle, sound and true horse." (4) Shortly before the accident to the mule, "said horse became frightened, restless and annoyed by the engines crossing said Bridge street at a point where the tracks of said railroad company are protected by gates, said gates being down, and upon the lifting of said gates said horse ran away, and immediately thereafter the defendant was thrown from the seat of said wagon and rendered helpless and unconscious; and at about the same time the animal mentioned in the complaint was one of several waiting the lifting of said gates to cross said tracks."

To this second defense the plaintiff filed a demurrer. The court sustained the demurrer as to paragraphs two and three, and overruled it as to paragraphs one and four of said defense.

The plaintiff then filed a reply to paragraphs one and four of the second defense, the second paragraph of which reply reads as follows: "The plaintiff admits so much of paragraph 4 of the defendant's second defense as is consistent with the plaintiff's complaint, and denies the balance of said paragraph 4." To this second paragraph of the reply the defendant demurred, because it did not specify the allegations which it purported to deny, and because it was evasive. The court overruled this demurrer. The case was then tried

to the court, and upon the facts found judgment was rendered
for the plaintiff.

The substance of the material facts found may be stated
as follows : On the day of the accident and prior thereto, the
defendant, a grocer in New Haven, was returning on his de-
livery wagon, accompanied by a friend, to his store, and was
driving along Bridge street. He had owned the horse he
was then driving about two months. It had been brought
from the West a few months before, had not been well
broken and was easily frightened by railroad trains. " The
defendant, who was not an experienced driver, had found it
necessary on a prior occasion to turn about and drive away
from the railroad crossing hereinafter mentioned, in order to
keep his said horse, which was frightened by a train, from
running away." The tracks of a steam railroad cross Bridge
street at grade, and gates operated by machinery are kept
there to protect the public in using the· crossing. The num-
ber of tracks, the passing of frequent trains and switching
engines, and the raising and lowering of the gates, combine
to make this crossing dangerous, "and especially so to those
driving across with horses not well broken." When the de-
fendant, in driving along Bridge street as aforesaid, reached
this crossing, his horse became frightened by one of the
switching engines and ran away, throwing the defendant and
his friend out of the wagon. The horse ran about an eighth
of a mile when it slipped and fell down, and was caught by
some bystanders " who disentangled it, got it up, hitched it
into the wagon again, and turned it over to the defendant
when he appeared soon after." The defendant then got into
the wagon and drove back towards the crossing for the pur-
pose of returning to his store, advising his friend not to ride
with him because of the excited condition of the horse.
When the defendant arrived within about one hundred yards
of the crossing he guided his horse up to the rear of a cart
standing on the side of the street. At this time the gates
were closed to allow a freight train to pass over the crossing,
and some fifteen or twenty teams on both sides of the cross-
ing were waiting for the gates to be raised. The defendant

without waiting for the gates to be fully raised and become stationary, or for the other teams to pass over, drove towards the crossing. His horse was excited and was jumping, and as it approached the crossing was frightened by the steam escaping from a switching engine near by, "and ran, the defendant losing all control, and dashed in among the teams which were then upon the crossing passing over, and ran against the plaintiff's said mule, driving a shaft into it and killed it. A short distance further on the defendant's said horse ran into a car, and the defendant was thrown, his head striking the ground, and the defendant rendered unconscious."

The court found, in substance, that the defendant under these circumstances was guilty of negligence in undertaking to drive his horse over the crossing, and also that the plaintiff was not guilty of contributory negligence.

Upon these facts the defendant claimed, as matter of law, that the injury complained of was the result of unavoidable accident. This claim the court overruled.

Upon this appeal the defendant claims that the court below erred: (1) in sustaining the plaintiff's demurrer; (2) in overruling the defendant's demurrer; (3) in basing its judgment upon facts found which were not in issue in the case; (4) in rendering judgment for the plaintiff, after having decided all the facts in issue in favor of the defendant; (5) in not holding, upon the facts found, that the injury complained of was due to unavoidable accident; (6) in imposing upon the defendant a higher degree of care than the law demands.

These claims will be briefly considered in the order above stated. The first is, in substance and effect, that the action of the court deprived the defendant of the right to prove the facts set up in the second and third paragraphs of the second defense. But the facts so set up, if available at all as a defense, in whole or in part—either alone or in connection with the paragraphs of the second defense, which the court allowed to stand, and to the extent that they were thus available— could be given in evidence under the pleadings on which the case was tried; and for aught that appears were so given in

evidence. This being so, it is impossible to see how the action of the court in sustaining the demurrer, in part, harmed the defendant. If, then, the court erred at all in this matter, a point which it is here unnecessary to consider, it was a harmless error, and does not entitle the defendant to a new trial.

The same thing is true with regard to the second claim. We think the defendant's demurrer to the reply should have been sustained. The paragraph demurred to was clearly objectionable and bad, in that its admissions and denials were not as specific as the rules require; but it is impossible upon this record to see how the action of the court in overruling the demurrer can have so harmed the defendant as to entitle him to a new trial. If the demurrer had been sustained, and the denials and admissions of the reply had been made as specific as the rules require, it might possibly have lightened a little the labors of the defendant on the trial; but it is difficult to see how it could have affected in any material way the trial itself, or changed the result reached by the court. So far as appears, a full and fair trial was had upon what was in effect a general denial of all the material allegations of the complaint, and the defendant had the opportunity to prove every fact that could legally avail him as a defense in whole or in part, and doubtless he availed himself of that opportunity. Under the circumstances disclosed by the record we think this technical error did the defendant no harm, and for such an error a new trial is never granted.

The third claim is that the facts found upon which the judgment was rendered, were not within the issue; and the fourth is that the court, having decided all the facts in issue in favor of the defendant, erred in rendering judgment on them in favor of the plaintiff. Upon a careful inspection of the record we are of opinion that these two claims are destitute of any valid foundation.

The fifth claim is that the facts found show that the injury complained of was due to unavoidable accident. This appears to have been the only claim made before the trial court, and it was there claimed as matter of law, and presumably is so claimed here. Whether the injury was caused by the negli-

gence of the defendant, or was due to unavoidable accident, was, we think, under the circumstances disclosed by the record, a question to be determined by the trier as one of fact from the evidence. If, however, it is possible, upon any permissible view of the record, to regard it as one of law, or its decision as involving the application of rules of law, we are of opinion that the court below did not err in overruling the defendant's claim upon this point, or in finding as it did upon this point.

The sixth and last claim is that the court imposed upon the defendant a higher degree of care than the law demands. The record fails to show any foundation for this claim.

There is no error.

In this opinion the other judges concurred.